# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-285v
Filed: October 19, 2016

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* | | UNPUBLISHED |
| MONTEZ PETRONELLI, | \* | |
| | \* | Special Master Gowen |
| Petitioner, | \* | |
| | \* | Attorneys' Fees and Costs |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 4, 2012, Montez Petronelli ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] An amended petition was filed on December 10, 2012. It alleged that as a result of the influenza vaccine she received on September 28, 2010, petitioner suffers from Guillain-Barré syndrome ["GBS"]. On October 25, 2013, then-Chief Special Master Vowell issued a Decision ruling that petitioner was entitled to compensation. The case was reassigned to me on March 6, 2014. The parties obtained life care plans; engaged in protracted damage negotiations; and participated in a fact hearing in Colorado on February 10, 2016. A Decision on damages was issued on February 22, 2016. Damages were awarded on June 17, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 21, 2016, petitioner filed an application seeking $116,207.60 in attorneys' fees and $47,282.47 in attorneys' costs, for a total sum of $163,490.07 in attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") at 1.  On October 11, 2016, petitioner filed a statement confirming that she has not personally incurred any fees or costs while pursuing her claim, in accordance with General Order #9.  Pet. and Counsel Statement at 1.

On October 11, 2016, respondent filed a response, to petitioner's application, which states:

> Based on respondent's experience litigating similar Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $85,000.00 and $95,000.00.  Respondent therefore respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Respondent's ("Resp.") Response at 3.  On October 18, 2016, petitioner filed a reply and a supplemental application for an additional $462.50 in attorneys' fees.  Pet. Supp. App.  This matter is now ripe for adjudication.  For the reasons set forth below, the undersigned awards petitioner a total of $163,952.57 in attorneys' fees and costs.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(3)(1).  In the present case, counsel capably presented the case and achieved an excellent result.  Decisions have been issued ruling that petitioner is entitled to compensation and awarding a sizeable sum.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee

request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i. Hourly Rates

Petitioner requests the following hourly rates for the attorneys and support staff who worked on this matter:

Ronald Homer
- 2012  -  $315
- 2013  -  $322
- 2014  -  $400
- 2015  -  $400
- 2016  -  $400

Sylvia Chin-Caplan
- 2013  -  $315

Christine Ciampolillo
- 2012  -  $209
- 2013  -  $213
- 2014  -  $300
- 2015  -  $300
- 2016  -  $300

Amy Fashano (now Amy Schwader)
- 2013  -  $223

Joseph Pepper
- 2012  -  $209
- 2013  -  $213
- 2014  -  $290
- 2015  -  $290
- 2016  -  $290

Meredith Daniels
- 2013  -  $209
- 2014  -  $280
- 2015  -  $280
- 2016  -  $280

Lauren Faga
- 2016  -  $265

3

Nicole Caplan
 2015 - $200

Law Clerks
 2013 - $143
 2016 - $145

Paralegals
 2011 - $107
 2012 - $110
 2013 - $112
 2014 - $135
 2015 - $135
 2016 - $135

The requested rate of $265 for Ms. Faga was recently approved by Chief Special Master Dorsey in Thomure v. Sec'y of Health & Human Servs., No. 15-322v, 2016 WL 3086389 (Fed. Cl. Spec. Mstr. April 12, 2016). The rates for the other individuals are all consistent with what I awarded to them in McCulloch v. Sec'y of Health & Human Servs., No. 09-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, I find that the requested rates are reasonable.

  ii. **Hours Expended**

Petitioner requests compensation for the following hours expended on this matter:

| | |
|---|---|
| Joseph Pepper | 352 |
| Ronald Homer | 29.8 |
| Christine Ciampolillo | 13.2 |
| Meredith Daniels | 2.9 |
| Nicole Caplan | 1.0 |
| Sylvia Chin-Caplan | 0.10 |
| Amy Fashano (now Amy Schwader) | 0.10 |
| Lauren Faga | 0.10 |
| Paralegals | 89.9 |
| Law Clerks | 3.1 |

See Pet. App. at 4-65; Pet. Supp. App. at 3-4.

I have fully reviewed the billing record and find the hours expended to be reasonable. As discussed in McCulloch, Mr. Homer is one of the most seasoned attorneys in the Vaccine Program. He performs a supervisory function at the firm, assigning cases to its various attorneys, ensuring that orders are complied with, and deadlines are met. Based on my review, Mr. Homer performed an appropriate amount of management and occasional consultation in this complex and protracted case.

Mr. Pepper, who has been involved in this case since it began in 2012, performed capable work, participated in numerous status conferences as well as site visits, settlement negotiations, and two hearings.  He delivered an excellent result for petitioner.  His time billed is contemporaneous, detailed, and reasonable.

It seems that tasks were appropriately delegated to paralegals and law clerks.  Other CHC attorneys periodically reviewed drafts of filings, and participated in conferences.  The records appear reasonable, and respondent has not made a single specific objection. Accordingly, I will approve the hours expended in this case.

   b. Costs

Petitioner requests a total of $47,282.47 in costs.  Pet. App. at 64.  The requested costs include medical record fees, photocopying, postage, and printing charges.  Id. at 62-64.  They also include the costs of travel, accommodations, and meals associated with attending two out-of-town hearings.  Id.  I find these requested costs reasonable.

## II. Conclusion

I find a total attorneys' fees and costs award of $163,952.57 to be reasonable.  Respondent makes a general suggestion that "[b]ased on respondent's experience litigating similar Vaccine Act claims . . . . a reasonable amount for fees and costs in the present case would fall between $85,000.00 and $95,000.00."  Resp. Response at 3.  Respondent does not provide any citations or further reasoning to support this suggestion.  I have considered it, but find that it is totally baseless and accordingly is entitled to no weight.  As respondent states, special masters are accorded "wide discretion in determining the reasonableness of a petitioner's request for reasonable attorneys' fees and costs," and "may rely on their prior experience in making reasonable fee determinations."  Id. at 2 (internal quotations and citations omitted).

Upon review of the documentation of the requested attorneys' fees and costs, and based on my experience with the Vaccine Act and its attorneys, I find that compensation for attorneys' fees and costs in the total of $163,952.57  is reasonable.

Attorneys' fees and costs are awarded as follows:

   **(1) A lump sum of $116,670.10 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ronald C. Homer of Conway, Homer & Chin-Caplan, P.C., for attorneys' fees and costs.**

   **(2) A lump sum of 47,282.47  in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ronald C. Homer of Conway, Homer & Chin-Caplan, P.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.